# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    Plaintiff,

vs.                                    Case No. 4:22cv457-MW-MAF

**PASCO COUNTY - DADE CITY FLORIDA HOUSING SUPERVISOR JAZMIN LUCAS,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, and another copy of the complaint on which Plaintiff wrote: "please waive the fee." ECF No. 2. Plaintiff was informed that she must file a proper in forma pauperis motion supported by an affidavit as required by 28 U.S.C. § 1915(a)(1). ECF No. 4. Plaintiff did so on December 29, 2022, ECF No. 5, and she was granted leave to proceed with in forma pauperis status. ECF No. 6. Despite that status, Plaintiff has again filed an in forma pauperis motion. ECF No. 8. That motion is denied

as moot. Plaintiff has not been required to pay the filing fee and it is unnecessary to file repetitive motions.

Before the Court was able to review Plaintiff's amended complaint, ECF No. 7, submitted on January 12, 2023, Plaintiff filed a second amended complaint, ECF No. 9, and then a third amended complaint, ECF No. 10, in February 2023, followed by a fourth amended complaint, ECF No. 13. Because an amended complaint completely replaces a prior complaint, Plaintiff is informed that only her fourth amended complaint, ECF No. 13, has been reviewed.

In addition to those pleadings, Plaintiff also submitted several letters to the undersigned Magistrate Judge, ECF Nos. 11, 14, and 15, and a letter to Chief United States District Judge Mark Walker, ECF No. 12. The Local Rules of this Court specifically state that a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). Because it is not appropriate to send letters to the judges presiding over a case, Plaintiff's letters have not been reviewed.

Plaintiff's fourth amended complaint [hereinafter "complaint"] has been reviewed. Plaintiff contends that after renting an apartment for "less than 9 months," she was advised that she had to move. The information

was not conveyed by the Defendant, but by Mr. Roger, a case manager. ECF No. 13 at 4-5. Plaintiff said she was left homeless and had to move in with a man she did not know. *Id.* at 5. She lived with him for eight years before relocating to Tallahassee. *Id.* Plaintiff advises that she has lived in Tallahassee for five and a half years. *Id.* Plaintiff states that she "can't prove it," but believes the man followed her to Tallahassee and she is in danger. *Id.* Plaintiff alleged that she was left homeless in the streets and she seeks monetary damages. *Id.* at 6.

First, the complaint is insufficient to proceed because any claim against an official with the housing authority in Dade City, Florida, would be barred by the statute of limitations. In Florida, a case must be filed within four years of the events which form the basis of the claim. However, Plaintiff indicates that claim occurred some thirteen years earlier.

Second, the complaint as also insufficient because Plaintiff has not provided any facts which identify what the named Defendant did or did not do that Plaintiff believes is unconstitutional. Plaintiff has also not alleged any factual allegations which demonstrate that Plaintiff's rights have been violated or that any federal housing laws were violated. The complaint is insufficient on its face and should be dismissed.

Since December of 2022, Plaintiff has initiated 15 cases in this Court. Six of those cases have already been dismissed for failure to state a claim upon which relief may be granted. It does not appear that providing Plaintiff with additional time to amend her complaint would be beneficial. It is recommended that this case be summarily dismissed for failing to state a claim.

## O R D E R

Accordingly, it is **ORDERED** that Plaintiff's successive in forma pauperis motion, ECF No. 8, is **DENIED as moot**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim, without providing additional opportunities for Plaintiff to submit another amended complaint in this case.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv457-MW-MAF